UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSLYNN CHARLEY, et al.,

        Plaintiffs,         Case Number: 24-cv-12191
                                        Honorable Linda V. Parker

v.

LANDAIR TRANSPORT, INC., et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO FILE AMENDED ANSWER (ECF No. 33) AND DENYING DEFENDANTS' MOTION TO FILE THIRD-PARTY COMPLAINT (ECF No. 33)**

This matter is before the Court on Defendant Landair Transport, Inc. ("Landair") and Steven Padgett's ("Padgett") motion for leave to amend their Answer to Plaintiffs' First Amended Complaint to include a Counterclaim and motion for leave to file a Third-Party Complaint.  (ECF No. 33, PageID.227.)  For the reasons set forth below, the motion for leave to file amended answer (ECF No. 33) is **GRANTED** and the motion for leave to file third-party complaint (ECF No. 33) is **DENIED**.

**I.    BACKGROUND**

In short, this case arose out of a motor vehicle accident which occurred on September 1, 2022.  (ECF No. 21, PageID.89.)  That day, Plaintiff Joslynn Charley,

was operating a bus on behalf of Greyhound Lines, Inc. ("Greyhound"). Plaintiffs Lee Hughes, Vera Reeves, and Marcus Franklin were passengers on the bus. (*Id.*) Simultaneously, Padgett was operating a semi-truck for Landair and travelling in the same direction. (*Id.*) When the semi-truck passed the bus, the Greyhound bus's driver side mirror contacted the passenger side mirror of the semi-truck. (*See* ECF No. 40-3, PageID.331.) The parties dispute which driver was responsible for the incident.

This case originally was filed on June 28, 2024 and, as the proper driver and company were not originally identified, an amended complaint was filed on October 25, 2024, which substituted Landair and Padgett as Defendants. (ECF Nos. 1, 21.) Both Defendants filed answers on January 21, 2025 which, among other things, asserted the affirmative defense of comparative negligence. (ECF No. 27, PageID.155; ECF No. 28, PageID.168.)

These motions were filed because Defendants received a copy of the Greyhound bus's dash cam footage for the first time on January 13, 2025, and they allege the footage is new evidence which, for the first time, demonstrates Charley was negligent in her operation of the bus. (ECF No. 41, PageID.484.) Defendants seek to amend their answer to add a counterclaim against Charley and a third-party complaint as to Greyhound. The Court infers that Landair specifically argues the video supports their allegations that Charley failed to control the bus, operated the

2

bus at an excessive rate of speed, failed to keep a proper lookout, and failed to maintain her lane. (ECF No. 33-1, PageID.251-252.) Charley argues that the video does not support a finding that she was negligent. (ECF No. 40, PageID.315.)

Defendants argue that they should be granted leave to file an amended answer to add a counterclaim and leave to file a third-party complaint due to the video footage. (ECF No. 33, PageID.233.) They further argue that they timely moved to amend upon receipt of the footage, there is no indication of bad faith, undue delay, prejudice to Plaintiffs, or futility. (ECF No. 33, PageID.236.) In response, Plaintiffs argue the motion should be denied as Defendants did not cite the proper governing authority for motions to file third-party complaints, the motion is untimely, and the relief sought by Defendants would result in undue prejudice to Plaintiffs. (ECF No. 40, PageID.311.)

## II.    MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). However, a motion to amend should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* "'[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Phelps v.*

3

*McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)). Plaintiffs' sole grounds for their opposition to the motion are undue delay and prejudice.

    **A.    Timeliness**

Although initially improperly titled, Landair has had notice of the claims and facts alleged in this case since at least August 30, 2024, when it filed an answer to the first complaint and asserted an affirmative defense of comparative negligence on behalf of Covenant Transport, Inc., d/b/a Covenant Logistics ("Covenant"). (ECF No. 12, PageID.53; ECF No. 15, PageID.68.) Plaintiffs were granted leave to file an amended complaint substituting Landair for Covenant and Padgett for John Doe in a stipulated order entered on October 23, 2024. (*See* ECF No. 20, PageID.84.) The substitution of Landair was held to relate back to the filing of the initial complaint. (*Id.*) Although relation back generally only applies to statutes of limitation, it is relevant here as it contributes to a finding that Landair had notice of the claims at issue prior to the filing of its answer to the first amended complaint. *See Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996).

In determining if a party has delayed in seeking amendment, courts have considered when the party became aware of the factual basis for the amendment, even if that knowledge was obtained prior to the filing of the lawsuit. *See Oakmont Livonia, LLC v. Rhodium Cap. Advisors LLC*, No. 22-11128, 2023 WL

4

9119104 at *4 (E.D. Mich. July 14, 2023) (considering letter sent prior to defendant's first responsive pleading); *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008). Consequently, it is relevant that Landair had notice of the claims and facts at issue in August of 2024, even if it was not named as a party at the time.

Additionally, both Defendants answered the first amended complaint in January of 2025, and these answers also assert a comparative negligence affirmative defense. (ECF Nos. 27, 28.) At that time, the discovery deadline was set for April 25, 2025. (ECF No. 19.) Defendants then received the dashcam footage on January 13, 2025, sought concurrence as to the filing of the instant motions on March 18, 2025, and ultimately filed the motions on March 27, 2025. At that time, discovery was set to close on April 25, 2025. (ECF No. 33.) The motions were not fully briefed until May 8, 2025 and as a result, discovery has since been extended twice. (*See* ECF Nos. 36, 41, 42.)

The Court notes that much of the information supporting Landair's motions was available prior to the receipt of the video footage. Landair was aware that Charley was employed by Greyhound and the general facts surrounding the incident by at least August 30, 2024, as Plaintiffs stated these facts in their original complaint which Landair affirmatively answered. (*See* ECF No. 12, PageID.53.) Furthermore, Padgett was the other driver in the accident and is employed by

5

Landair so, presumably, Defendants had access to his account of the incident early in this litigation. It was also clear that the incident was a "sideswipe" whereby the side of the two vehicles glanced off one another, as a diagram of the incident and other details are included in the traffic crash report, dated September 1, 2022, and it is highly unlikely Defendants did not have access to the report until January of 2025. (ECF No. 40-3, PageID.331.)

Based on the current record, it is unclear to what extent the dashcam footage provided new evidence which Defendants could not have accessed earlier. Additionally, Defendants waited approximately two months after the receipt of the footage to file the instant motions. Although delays of this length generally do not constitute grounds for denying a motion for leave to amend, when combined with the fact that this theory of liability was considered from the beginning of the case and is a relatively obvious area for inquiry given the nature of the accident, it appears Defendants delayed in filing their motion to amend. *See Oakmont Livonia, LLC*, 2023 WL 9119104 at *4 (finding delay in similar circumstances). "Delay alone, however, does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995).

  **B.**   **Prejudice**

6

In considering if the amendment would result in undue prejudice, the court considers the following factors: if it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 663. Under the current circumstances, the Court finds that the amendment will not cause undue prejudice. Charley is already familiar with this case and has had access to discovery so it is unlikely this amendment will cause significant delay. Furthermore, the counterclaim involves factual considerations identical to those underlying the contributory negligence defense, so it is unlikely that any discovery will need to be repeated, and the scope of trial will not be significantly expanded.

Charley argues that the counterclaim is duplicative of the contributory negligence affirmative defense. (ECF No. 40, PageID.312.) However, counterclaims and affirmative defenses serve distinct purposes and involve different remedies, namely, the mitigation of plaintiff's damages versus a freestanding claim, and as such are not duplicative. *See e.g. Whirlpool Props., Inc. v. LG Elecs. U.S.A., Inc.*, No. 1:03-CV-414, 2005 WL 3088339 at *22-29 (W.D. Mich. Nov. 17, 2005). The cases cited do not warrant a different result, as they involved claims duplicative of those already asserted, not the first claim raised. *See Sanford v. AXA Equitable Life Ins. Co.*, No. 09-12190, 2010 WL 1755333 at *2

7

(E.D. Mich. Apr. 29, 2010); *Matuscak v. Argentine Twp Police Dep't*, No. 22-12621, 2023 WL 8016691 at *4 (E.D. Mich. Nov. 20, 2023). Plaintiffs have failed to show how they would suffer any prejudice, other than the inherent prejudice of having to defend against a new claim which is generally not grounds for granting leave to amend. *See Chkrs, LLC v. City of Dublin*, No. 18-CV-1366, 2019 WL 3975447 at *13 (S.D. Ohio Aug. 22, 2019).

For the foregoing reasons, the Court finds that Plaintiffs have not shown that the amendment would result in undue delay or prejudice. There is no assertion that this amendment would be futile. In this case, delay in filing of the motion alone is insufficient to warrant denying the leave to amend. Consequently, leave to amend the answer to assert a counterclaim is **GRANTED**.

## III. MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Federal Rule of Civil Procedure 14(a) allows a defendant to serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). A defendant who wishes to file a third-party complaint "more than 14 days after serving its original answer" can only do so by leave of court. *Id.* "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d

8

800, 805 (6th Cir. 2008) (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)).  To serve that end, district courts enjoy "considerable discretion . . . in deciding whether to permit or strike a third-party complaint."  *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983).

Plaintiffs have two objections to the third-party complaint: (1) Defendants did not cite the proper rules and standards in their motion; and (2) the motion is untimely.  (ECF No. 40, PageID.317.)  Defendants respond that the failure to cite the applicable rule is irrelevant as their motion is substantively accurate and that the motion should be granted in the interest of efficiency.  (ECF No. 41, PageID.482.)  Defendants do not separately provide argument as to the timeliness of the third-party complaint, apparently either ignoring the argument or implicitly addressing it in their discussion of the timeliness of their motion for leave to amend.  (*See id.* at PageID.484.)

Courts generally consider the following factors when ruling on motions pursuant to Rule 14(a): "'(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; (4) prejudice to the original plaintiff."  *L.H. v. Red Roof Inn, Inc.*, No. 22-CV-625, 2025 WL 714385, at *21 (W.D. Ky. Mar. 5, 2025) (citing *Botkin v. Tokio Marine & Nichido Fire Ins. Co.*, 956 F. Supp. 2d 795, 802 (E.D. Ky. 2013)).  In weighing these factors, "the

9

timeliness of the motion is an urgent factor governing the exercise of such discretion." *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 179 (6th Cir. 1960).

### A. Timeliness

In support of their argument, Plaintiffs cite *Trinity, Inc. v. A Quality Staffing*, No. 22-CV-10319, 2023 WL 9184039 (E.D. Mich. Dec. 21, 2023), in which the court denied a motion for leave to file a third-party complaint when the defendants waited over three months after receiving the relevant discovery to file the motion. However, the delay in *Trinity* occurred after the close of discovery. *Id.* at *3.

Defendants generally rely on cases discussing timeliness as it relates to motions for leave to amend in support of their motion for leave to file third-party complaint, and Plaintiffs argue Defendants' motion should be denied as they did not cite the appropriate rule in their original motion. Although the Court does not find that Defendants' failure to cite the applicable rule in their original motion alone requires denial, as they did somewhat engage with the substantive considerations, it also recognizes that Defendants' argument as to the timeliness of the motion is still largely devoid of relevant caselaw or other authority specific to the filing of third-party complaints.

As discussed above, there has been some limited delay in the filing of the instant motions as the underlying facts supporting them have largely been known to Defendants since the beginning of this lawsuit. *See supra* Section II.A. This

10

delay weighs in favor of denying the motion. Additionally, in the case on impleader as opposed to amendment of the answer, the prejudice and delay considerations weigh in Plaintiffs' favor.

### B. Prejudice and Delay

Plaintiffs argue that, not only did Defendants engage in delay in filing the motion, the addition of a third party at this time would delay the litigation as the case will essentially start over, resulting in an additional delay of 90 to 120 days. (ECF No. 40, PageID.319.) Given the delays which have already occurred, it is clear to the Court that the addition of a new party would delay the litigation. *See Asher v. Unarco Material Handling, Inc.*, No. CIV A 606-548-DCR, 2007 WL 2463326 at *3 (E.D. Ky. Aug. 28, 2007). Furthermore, the addition of a third-party would complicate trial, further prejudicing Plaintiffs.

Accordingly, because the Plaintiff's interest in expeditious adjudication of their claims outweigh any potential prejudice to Defendants, Defendants' claims can be adequately addressed in a separate action against Greyhound for indemnity and contribution. As to Defendants' failure to respond to Plaintiffs'' timeliness argument as to impleader, the Court will **DENY** Defendants' motion to implead Greyhound.

### IV. CONCLUSION

Consequently, for the foregoing reasons **IT IS ORDERED** that Landair's motion for leave to file third-party complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Landair's motion for leave to file amended answer is **GRANTED**. Any amended answer must be filed within seven days of today's date.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 22, 2025